**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**STEVEN JONES**                                                            **PLAINTIFF**

**V.**                                                  **CAUSE NO. 3:19-CV-338-CWR-LRA**

**MALKEET SINGH;**                                            **DEFENDANTS**
**CARGO SOLUTION EXPRESS, INC.;**
**JOHN DOES 1-10**

**ORDER**

Before the Court are Plaintiff Steven Jones' *Motion in Limine to Exclude Evidence of Alleged Bad Acts*, Docket No. 39, his *Motion in Limine to Exclude Evidence of Collateral Sources*, Docket No. 40, and Defendant Cargo Solution Express, Inc.'s omnibus *Motion in Limine*, Docket No. 38.

The legal standard is undisputed. A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-CV-129-DMB, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (citation omitted).

The Court will address each motion in turn.

**I.**      **Plaintiff's Motions in Limine**

     **A.**      **Bad Acts**

In his first motion, Jones argues that Defendants "may try to introduce evidence of arrests or criminal records that Defendant[s] [have] not informed Plaintiff of." He further contends that "[s]uch evidence is not admissible under [Federal Rules of Evidence] 401, 402, 403, 404(b)(1), and 609."

To determine whether evidence of prior bad acts is admissible, the court uses a two-step test. "First, it must be determined that the extrinsic evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet other requirements of Rule 403." *United States v. Elwood*, 993 F.2d 1146, 1153 (5th Cir. 1993) (citations omitted).

At this juncture, it is unclear what evidence of prior bad acts may be introduced and how it will be used. Accordingly, the motion is denied without prejudice to its timely assertion at trial.

B.  **Collateral Sources**

Jones then contends that "Defendants may attempt to introduce evidence and/or testimony regarding payment of medical bills Mr. Jones received from any insurance company, Medicare, and/or Medicaid." He requests an order preventing the "payment of medical bills by any and all collateral sources" from being admitted into evidence, referred to, or discussed in front of the jury. Jones also requests that any such evidence be redacted before publication and/or admission.

Under Mississippi law, which applies in this diversity action, "a tortfeasor cannot use the moneys of others (insurance companies, gratuitous gifts, etc.) to reduce the cost of its own wrongdoing." *Brandon HMA, Inc. v. Bradshaw*, 809 So. 2d 611, 618 (Miss. 2001), *abrogated on other grounds by Univ. of Mississippi Med. Ctr. v. Lanier*, 97 So. 3d 1197 (Miss. 2012) (citations omitted). The collateral source rule applies to both compensation received and situations where the potential exists for compensation from an independent source. *See Ward v. Mitchell*, 62 So. 2d 388, 391 (1953). This Court has explained this point no differently: "In Mississippi, the collateral source rule provides that compensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the latter in mitigation or reduction of damages." *Chickaway v. United States*, No. 4:11-CV-22-CWR-

LRA, 2012 WL 3236518, at *1 (S.D. Miss. Aug. 7, 2012) (citation, quotations marks, bracket, and ellipses omitted). However, evidence that would otherwise violate the collateral source rule may be "introduced for a purpose other than to mitigate damages." *Woulard v. Greenwood Motor Lines, Inc.*, No. 1:17-CV-231-HSO-JCG, 2019 WL 3311752, at *3 (S.D. Miss. Feb. 4, 2019) (applying Mississippi law) (quotations and citation omitted).

Since there may be a valid purpose for the introduction of this kind of evidence, Jones' motion must be denied without prejudice. Should the defendants wish to introduce such evidence, however, they must first explain at the bench how they will avoid violating the collateral source rule. The Court then will determine whether that evidence will be presented to the jury. *Fos v. Wal-Mart Stores East, LP*, No. 3:12-CV-735-LG-JCG, 2015 WL 11120671, at *2 (S.D. Miss. June 2, 2015) (citation omitted).

## II.     Defendant Cargo Solution Express, Inc.'s Motions in Limine

Defendant's first motion in limine, regarding prior statements from Plaintiff's healthcare providers regarding his condition and treatment, is denied without prejudice to its timely assertion at trial.

The second motion in limine, regarding evidence of Plaintiff's medical treatment not produced during discovery, is denied without prejudice to its timely assertion at trial.

The third motion in limine, regarding Plaintiff's and other lay witness's testimony on causation of injuries or damages, is denied.

The fourth motion in limine, regarding the Plaintiff's medical bills, is denied.

The fifth motion in limine, regarding evidence of insurance, is granted.

The sixth motion in limine, regarding evidence of compromise or offers to compromise, is granted.

The seventh motion in limine, regarding the Plaintiff's alleged lost wages, is denied.

The eighth motion in limine, regarding household services, is denied. *See generally James v. Antarctic Mech. Servs., Inc.*, No. 3:18-CV-678-CWR-FKB, 2020 WL 1083156, at *2 (S.D. Miss. Mar. 6, 2020).

The ninth motion in limine, regarding the Plaintiff's disability determination by the Social Security Administration, is denied. *See Chickaway v. United States*, No. 4:11-CV-00022-CWR, 2012 WL 3236518, at *2 (S.D. Miss. Aug. 7, 2012).

The tenth motion in limine, regarding the Plaintiff's alleged written-off medical bills, is denied. *See James v. Antarctic Mech. Servs., Inc.*, No. 3:18-CV-678-CWR-FKB, 2020 WL 557524, at *2 (S.D. Miss. Feb. 4, 2020) (citation omitted).

The parties are reminded of their ongoing duty to supplement. *See* Fed. R. Civ. P. Rule 26 (e); *see also Hawthorne v. Truck Trailer & Equipment, Inc.*, No. 3:11-CV-518-CWR-FKB, 2013 WL 3213093, at *3 (S.D. Miss. June 26, 2013). One last word. Due to the pandemic, this case was continued and the parties lost their trial date. That was unfortunate but unavoidable. Several other parties have lost their trial dates too. When any of these cases will receive new trial dates cannot yet be predicted. Until then, this case will fall in line after those cases which have been continued since March, when this Court entered its initial order regarding the coronavirus pandemic. *See* No. 3:40-MC-11, Mar. 13, 2020 Order [52]. Because of these uncertainties, the parties should use every effort and take every opportunity to resolve this case. It will take a reevaluation of your respective positions. It will take compromise.

**SO ORDERED**, this the 15th day of August, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE